IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEVALIER BARNES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 2450 |
| TONI PRECKWINKLE, TOM DART, and COOK COUNTY DEPARTMENT OF CORRECTIONS, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Chevalier Barnes ("Barnes") has filed a 42 U.S.C. § 1983 ("Section 1983") Complaint that employs the printed form provided by the Clerk's Office for use by persons in custody and adds to the multitude of cases brought by detainees at the Cook County Department of Corrections ("County Jail") because of what all those detainees describe as intolerable living conditions there. Although the large number of Complaints directed at the County Jail's Division Three have been consolidated for pretrial purposes under the supervision of this Court's colleague Honorable Robert Gettleman, with a view toward their possibly being collectivized in a class action, no corresponding treatment has been established for the substantial number of cases that make like claims as to conditions in the Division Three Annex that are also the subject of Barnes' grievance.

In the absence of an equivalent class action approach, Barnes' Complaint has some threshold difficulties:

1. First, 42 U.S.C. § 1997e(a) makes it a precondition to filing suit that the prisoner plaintiff must have exhausted all available administrative remedies.

Barnes has said nothing at all on that score, and unless he were to cure that flaw properly, this Court will be obligated to dismiss this action without prejudice.

2. Next, although Barnes accompanied his Complaint with an In Forma Pauperis Application ("Application"), he has not complied with the 28 U.S.C. § 1915(a) requirement that he must also provide a printout of transactions in his trust fund account at the County Jail during the 6-month period ended March 26, 2014.[1] That information is essential to this Court's consideration of the Application and its entry of an order providing for his payment of the $350 filing fee in future installments rather than up front.

If Barnes' satisfies both of those requirements by a filing on or before May 16, 2014, this Court will enter an appropriate order dismissing Toni Preckwinkle and Cook County D.O.C. as defendants (the former because she is clearly not personally implicated in any Section 1983 violations and the latter because it is not a legal entity), leaving only Sheriff Tom Dart as the sole initial defendant in the case. If Barnes fails to do so, this action will be dismissed without prejudice.

                                            *Milton I. Shadur*
                                            Milton I. Shadur
                                              Senior United States District Judge

Date: April 18, 2014

---

[1] Two points should be made in that respect:
    1. That March 26 date is treated as the action's filing date under the "mailbox rule," even though Barnes' documents were not received in the Clerk's Office until April 4.

    2. If Barnes had not been in custody at the County Jail or elsewhere for a full six months before March 26, the required printout is to be limited to his actual custodial period.